IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OUR ALCHEMY, LLC, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 16-11596-JTD<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANDERSON MEDIA CORPORATION; ANCONNECT, LLC; ANDERSON MANAGEMENT SERVICES, INC.; CHARLES C. ANDERSON, JR.; JAY R. MAIER; BILL LARDIE; and CHUCK TAYLOR,<br><br>Defendants. | Adv. No. 21-51420 (JTD |

### ANDERSON MEDIA CORPORATION; ANCONNECT, LLC; AND ANDERSON MANAGEMENT SERVICES, INC.'S ANSWER TO TRUSTEE'S COMPLAINT

Anderson Media Corporation ("**Anderson Media**");[1] ANConnect, LLC ("**ANConnect**"); and

Anderson Management Services, Inc. ("**AMS**" and, collectively with, Anderson Media and

ANConnect, the "**Defendants**") file this answer (the "**Answer**") to the complaint (the

"**Complaint**") filed in the above-captioned adversary proceeding by Plaintiff, George L. Miller,

in his capacity as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the jointly administered

---

[1]    Capitalized words not otherwise defined herein shall have the meaning given to them in the Complaint.

1

bankruptcy estates of Our Alchemy, LLC and Anderson Digital LLC.[2]  Defendants respond to the numbered paragraphs of the Complaint as follows:

## I.    INTRODUCTION

1.      Defendants admit that paragraph 1 of the Complaint provides an overview of the alleged claims being pursued by the Trustee in the Complaint and the alleged capacity of the Trustee to pursue such claims. Notwithstanding the preceding, Defendants deny that the Trustee has viable claims against Defendants or that the transactions involving Defendants are avoidable or otherwise improper.  Defendants note that almost all of the claims asserted by the Trustee in the Complaint were dismissed in the Court's June 27, 2022 Order Granting the Motion to Dismiss (D.I. 20).

## II.    JURISDICTION AND VENUE

2.      The allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants do not dispute that the Bankruptcy Court has jurisdiction over the subject matter of this adversary proceeding, but believes that the Court does not have judicial power to enter final orders in this adversary proceeding because the Trustee has not consented thereto.

3.      The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Trustee has demanded a jury trial before an Article III judge and that the Trustee does not consent to the entry of a final judgment or adjudication by the Bankruptcy Judge.  Notwithstanding this, and the

---

[2]      Defendants note that all of the claims against the Director/Officer Defendants were dismissed by the June 27, 2022 Order Granting the Motion to Dismiss (D.I. 20).  As the Director/Officer Defendants are not named in any remaining claims within the Complaint, they are not required to answer.

2

Trustee's refusal to consent to the entry of final judgment or adjudication by a bankruptcy judge, in accordance with Bankruptcy Rule 7012(b) and Del. Bankr. L.R. 7012-1, Defendants consent to entry of final orders and judgments by the Bankruptcy Court.

4.      The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 4 of the Complaint.

## III.    PARTIES

### A.    The Plaintiff

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

### B.    The Defendants

8.      Defendants admit the allegations in the first sentence of Paragraph 8 of the Complaint.  With respect to the second sentence of Paragraph 8 of the Complaint, Defendants admit that Anderson Media is a closely held company and that, in certain instances, it acts as a holding company.  Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in the first sentence of Paragraph 9 of the Complaint.  With respect to the second sentence of Paragraph 9 of the Complaint, Defendants admit that ANConnect is wholly owned by Anderson Media and, before its liquidation in 2016, held certain media distribution assets.  Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations in the first sentence of Paragraph 10 of the Complaint.  With respect to the second sentence of Paragraph 10 of the Complaint, Defendants

#128173512 v1

admit that AMS is wholly owned by Anderson Media and is the sole Manager of ANConnect. With respect to the third sentence of Paragraph 10 of the Complaint, Defendants admit that AMS provides certain management and financial advisory services to Anderson Media and certain of its affiliates. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations in the first sentence of Paragraph 11 of the Complaint. With respect to the second sentence of Paragraph 11 of the Complaint, Defendants admit that Mr. Anderson is the chair of the board of directors of Anderson Media, President/Chief Executive Officer of Anderson Media, and the Sole Director of AMS. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that the Trustee refers to Mr. Anderson, Maier, Lardie and Taylor as the "Director/Officer Defendants."  Defendants note further that claims against the Director/Officer Defendants were dismissed by the June 27, 2022 Order Granting the Motion to Dismiss (D.I. 20).

## IV.     FACTS

### Anderson Media

16.     Defendants admit the allegations in Paragraph 16 of the Complaint.

17.     Defendants admit that a court-appointed examiner in the 2009 bankruptcy of Anderson News, LLC, an affiliate of Anderson Media, issued a report. Defendants admit that the Trustee purports to include an excerpt from the examiner's report in Paragraph 17 of the Complaint.  Answering further, the examiner's report, as a document in writing, speaks for itself.

#128173512 v1

To the extent any of Trustee's allegations do not comport with the examiner's report, they stand denied.

18.    Defendants admit that the certain members of the Anderson family, of which, Mr. Anderson is a member, own or have owned Anderson Media.  Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations in the first sentence of Paragraph 19 of the Complaint.  With respect to the second sentence of Paragraph 19 of the Complaint, Defendants admit that Anderson Media generates consolidated balance sheets.  Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

[*Deleted Subheading*][3]

20.    Defendants admit that, among other lines of business, Anderson Media is in the media distribution business.  Defendants are without sufficient information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 20 of the Complaint and, therefore, deny the allegations in Paragraph 20 of the Complaint.

21.    Defendants admit that, in Paragraph 21 of the Complaint, the Trustee purports to quote an October 18, 2010 article in the Knoxville News Sentinel.

22.    Defendants admit that ANConnect liquidated its assets and ceased operations in transactions openly disclosed to the public and that certain amounts were paid to certain of its affiliates.  Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

---

[3]    In the Complaint, the Trustee has included charged and misleading subheadings that are not based in fact. As the trustee's subheadings are not supported by factual contentions included in the Trustee's Complaint, they do not need to be admitted or denied.  Notwithstanding the preceding, Defendants deny the contentions in the subheadings.

23.     Defendants admit that, on or about September 2012, Anderson Merchandisers, LP was converted into Anderson Merchandisers, LLC.  Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24.     Defendants admit that, on or about April 29, 2013, Anderson Merchandisers, LLC changed its name to ANConnect LLC.

[*Deleted Subheading*][4]

25.     Defendants admit that, in Paragraph 25 of the Complaint, the Trustee purports to quote certain Notes of Lardie.  Defendants deny the remaining allegations of Paragraph 25 of the Complaint.

26.     Defendants admit that, in December 2014, ANConnect sought to cut expenses. Defendants deny the remaining allegations of Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendant admits that there was a non-binding Term Sheet dated February 11, 2015, signed by Bill Lee on behalf of Millennium and Bill Lardie on behalf of Defendant ANConnect, but that such Term Sheet was subsequently amended. Answering further, Defendants admits that the non-binding Term Sheet was in respect of Alchemy's proposed purchase of ANConnect's US video and digital distribution business. Answering further, the Term Sheet, as a document in writing, speaks for itself. To the extent any of Trustee's allegations do not comport with the Term Sheet, they stand denied.

---

[4]     In the Complaint, the Trustee has included charged and misleading subheadings that are not based in fact. As the trustee's subheadings are not supported by factual contentions included in the Trustee's Complaint, they do not need to be admitted or denied.  Notwithstanding the preceding, Defendants deny the contentions in the subheadings.

29.     Defendants admit that ANConnect and Alchemy executed the APA and that it defined the "Business". Answering further, the APA, as a document in writing, speaks for itself. To the extent any of Trustee's allegations do not comport with the APA, they stand denied.

30.     Defendants admit that the APA contemplated a formula to calculate the ultimate purchase price.  Answering further, the APA, as a document in writing, speaks for itself. To the extent any of Trustee's allegations do not comport with the APA, they stand denied.

31.     Defendants admit that, under the APA, Alchemy agreed to assume certain liabilities of ANConnect. Answering further, the APA, as a document in writing, speaks for itself. To the extent any of Trustee's allegations do not comport with the APA, they stand denied.

32.     Defendants admit the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that, under the APA, Alchemy paid certain amounts and assumed certain liabilities. Answering further, the APA, as a document in writing, speaks for itself. To the extent any of Trustee's allegations do not comport with the APA, they stand denied.

34.     Defendants admit that the Trustee has alleged certain claims in the pending litigation captioned *Miller v. ANConnect, LLC, et al.*, Bankr. D. Del Adv. Pro. No. 18-50633-JTD (the "**2018 Adversary Proceeding**").   Defendants deny that the ANConnect Transaction is avoidable and denies any liability in the 2018 Adversary Proceeding.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants admit that the Trustee sought in excess of $50 million in the 2018 Adversary Proceeding.  Defendants deny that the Trustee is entitled to any damages.

*[Deleted Subheading]*[5]

37.     Defendants admit the allegations in the first sentence of Paragraph 37 of the

---

[5]     In the Complaint, the Trustee has included charged and misleading subheadings that are not based in fact. As the trustee's subheadings are not supported by factual contentions included

Complaint.  With respect to the third sentence of Paragraph 37 of the Complaint, Defendants admit that ANConnect publicly announced that it was laying off certain Texas-based employees. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.  Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendants admit the allegations in the first sentence of Paragraph 38 of the Complaint.  Defendants admit the allegations in the second sentence of Paragraph 38 of the Complaint.  Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

[*Deleted Subheading*]

39.     Defendants admit the allegations in Paragraph 39 of the Complaint.

40.     Defendants admit that ANConnect collected certain receivables and that it asserted certain setoff rights in respect of amounts owing by Alchemy.  Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41.     Defendants admit that, in Paragraph 41 of the Complaint, the Trustee purports to quote certain allegations from ANConnect's complaint against Alchemy. Answering further, ANConnect's complaint against Alchemy, as a document in writing, speaks for itself. To the extent any of Trustee's allegations do not comport with ANConnect's complaint against Alchemy, they stand denied.

42.     Defendants deny that ANConnect improperly withheld receivables.  Defendants are without sufficient information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 42 of the Complaint and, therefore, deny the remaining allegations in Paragraph 42 of the Complaint.

---

in the Trustee's Complaint, they do not need to be admitted or denied.  Notwithstanding the preceding, Defendants deny the contentions in the subheadings.

43.    Defendants deny that ANConnect wrongfully withheld receivables.  Defendants are without sufficient information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 43 of the Complaint and, therefore, deny the remaining allegations in Paragraph 43 of the Complaint.

44.    Defendants admit that Paragraph 44 of the Complaint purports to summarize certain contentions Alchemy raised as counterclaims.  Notwithstanding the preceding, Defendants deny the allegations therein.

45.    Defendants admit that, in Paragraph 45 of the Complaint, the Trustee purports to summarize certain statements made in ANConnect's answer to Alchemy's counterclaims. Answering further, ANConnect's answer to Alchemy's counterclaims, as a document in writing, speaks for itself. To the extent any of Trustee's allegations do not comport with ANConnect's answer to Alchemy's counterclaims, they stand denied.

46.    Defendants are without sufficient information or knowledge sufficient to admit or deny the allegations in Paragraph 46 of the Complaint and, therefore, deny the allegations in Paragraph 46 of the Complaint.

47.    The allegations in Paragraph 47 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants aver that Alchemy is a net debtor as it owes more money to ANConnect than it is owed.

48.    The allegations in Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants aver that Alchemy is a net debtor as it owes more money to ANConnect than it is owed.

*[Deleted Subheading]*[6]

49.    Defendants deny the allegations in Paragraph 49 of the Complaint

50.    Defendants admit that it transferred $1,096,320 to AMS in June 2016.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations in Paragraph 53 of the Complaint.

54.    Defendants admit that, in June and August 2016, Alchemy had asserted counterclaims against ANConnect.  Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations in Paragraph 57 of the Complaint.

58.    Defendants deny the allegations in Paragraph 58 of the Complaint.

59.    Defendants deny the allegations in Paragraph 59 of the Complaint.

60.    Defendants are without sufficient information or knowledge relative to the "internal balance sheet" referenced in the Trustee's Complaint sufficient to admit or deny the allegations in Paragraph 60 of the Complaint.  Answering further, the "internal balance sheet", as a document in writing, speaks for itself. To the extent any of Trustee's allegations do not comport with the "internal balance sheet", they stand denied.

61.    Defendants deny the allegations in Paragraph 61 of the Complaint.

---

[6]    In the Complaint, the Trustee has included charged and misleading subheadings that are not based in fact. As the trustee's subheadings are not supported by factual contentions included in the Trustee's Complaint, they do not need to be admitted or denied.  Notwithstanding the preceding, Defendants deny the contentions in the subheadings.

62.     Defendants are without sufficient information or knowledge relative to documents apparently relied upon by the Trustee sufficient to admit or deny the allegations in Paragraph 62 of the Complaint.  Answering further, the documents apparently relied upon, as documents in writing, speaks for themselves. To the extent any of Trustee's allegations do not comport with such documents, they stand denied.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants admit that Anderson Media and ANConnect are privately held business.  Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

## V.    THE CLAIMS

### FIRST CLAIM

66.     Defendants incorporate their responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

67.     Defendants admit that paragraph 67 of the Complaint provides a general allegation concerning certain of the Trustee's alleged claims.  Notwithstanding the preceding, Defendants deny that the Trustee has viable claims against Defendant or that the transactions involving Defendants are avoidable or otherwise improper.

68.     The allegations in Paragraph 68 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     The allegations in Paragraph 69 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

11

70.     The allegations in Paragraph 70 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint

71.     The allegations in Paragraph 71 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants admit that Anderson Media and AMS are insiders of ANConnect. Defendants deny the remaining allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants admit that ANConnect made certain transfers to Anderson Media and AMS. Defendants deny the remaining allegations in Paragraph 76 of the Complaint.

77.     The allegations in Paragraph 77 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77 of the Complaint.

**SECOND CLAIM**

78.     Defendants incorporate their responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

79.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Second Claim, no response is required to Paragraph 79 of the Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 79 of the Complaint.

#128173512 v1

80.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Second Claim, no response is required to Paragraph 80 of the Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Second Claim, no response is required to Paragraph 81 of the Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 81 of the Complaint.

82.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Second Claim, no response is required to Paragraph 82 of the Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 82 of the Complaint.

83.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Second Claim, no response is required to Paragraph 83 of the Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 83 of the Complaint.

84.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Second Claim, no response is required to Paragraph 84 of the Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 84 of the Complaint.

85.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Second Claim, no response is required to Paragraph 85 of the

#128173512 v1

Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 85 of the Complaint.

### THIRD CLAIM

86.     Defendants incorporate their responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

87.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Third Claim, no response is required to Paragraph 87 of the Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 87 of the Complaint.

88.     Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Third Claim, no response is required to Paragraph 88 of the Complaint. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 88 of the Complaint.

## VI.    RELIEF REQUESTED

The allegations in Section VI of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations in Section VI of the Complaint are denied. Answering further, Defendant denies that the Trustee is entitled to avoid or recover any amounts from Defendants under applicable law.

## VII.   JURY DEMAND

Defendants understand that the Court does not have judicial power to enter final orders in this case unless the parties consent.  Notwithstanding this, the Trustee's demand for a jury trial before an Article III Judge, and the Trustee's refusal to consent to the entry of final judgment or adjudication by a bankruptcy judge, in accordance with Bankruptcy Rule 7012(b) and Del. Bankr.

#128173512 v1

L.R. 7012-1, Defendant consents to entry of final orders and judgment by the Bankruptcy Court and waives its right to a jury trial.

## FIRST AFFIRMATIVE DEFENSE

Because the Bankruptcy Court's June 27, 2022 Order Granting the Motion to Dismiss dismissed the Trustee's Second Claim and Third Claim, these claims fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The relief requested by the Trustee in the First Claim of the Complaint should be denied in whole or in part because it fails to state a claim on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The relief requested by the Trustee in the First Claim of the Complaint should be denied in whole or in part because it is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The relief requested in the First Claim of the Complaint should be denied in whole or part because the transfers made to or for the benefit of Anderson Media and AMS were for value, in good faith, and without knowledge of the voidability of the transfer.

## FIFTH AFFIRMATIVE DEFENSE

The relief requested in the First Claim of the Complaint should be denied in whole or part because Plaintiff unreasonably delayed in bringing claims despite having knowledge of the facts for years prior to filing suit.

#128173512 v1

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Defendants give notice that they intend to reply upon such other further defenses as may be revealed and become available during pretrial proceedings in this adversary proceeding and hereby reserve all rights to amend this answer and asset all such defenses.

## PRAYER FOR RELIEF

Defendants pray that the Court enter judgment such that Plaintiff takes nothing by the Complaint, denying Plaintiff all requested relief, enter an order dismissing all claims with prejudice and award Defendants such further relief as the Court deems just and proper.

Dated:  July 20, 2022
Wilmington, DE

Respectfully Submitted,

*/s/ Evelyn J. Meltzer*
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390
E-mail:  david.stratton@troutman.com
              evelyn.meltzer@troutman.com

-and-

Grant T. Stein
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia, 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email:  Grant.Stein@alston.com

-and-

16

#128173512 v1

David A. Wender
**EVERSHEDS SUTHERLAND**
999 Peachtree Street, NE
Suite 2300
Atlanta, GA  30309-3996
Telephone:  (404) 853-8175
Email:  DavidWender@eversheds-sutherland.com

-and-

David J. Hungeling
Adam S. Rubenfield
**HUNGELING RUBENFIELD LAW**
1718 Peachtree St. Ste. 599
Atlanta, GA 30309
Telephone:  (404) 574-2466
E-mail:  david@hungelinglaw.com
adam@hungelinglaw.com

*Counsel for Defendants*

17